IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

WESLEY BROOKS

          Plaintiff,

    v.

AMAZON DATA SERVICES, INC.,

          Defendant.

_____

Case No. 2:25-cv-01294-HL

**OPINION AND ORDER**

HALLMAN, United States Magistrate Judge:

*Pro se* Plaintiff Wesley Brooks ("Brooks") filed this action alleging that Defendant Amazon Data Services, Inc. ("Amazon") violated his rights under state and federal law during his employment with—and termination from—Amazon. Second Am. Compl. ("SAC"), ECF 8. Now before the Court is Amazon's Motion to Dismiss. Def.'s Mot. to Dismiss ("Mot."), ECF 9. For the reasons described below, Amazon's Motion to Dismiss is GRANTED in part and DENIED in part. This Court concludes that Claims I-IV, VI, and VII fail to state a claim upon which relief can be granted. But this Court denies Amazon's Motion as to Claim V. Brooks is

PAGE 1 – OPINION AND ORDER

ORDERED to file a Third Amended Complaint within thirty days of this Order. If Brooks files a Third Amended Complaint, he must describe his claims with further factual support, as detailed in this Opinion.

## BACKGROUND

The Court recites the following facts from Brooks' Second Amended Complaint and assumes that they are true for the purpose of reviewing Amazon's Motion to Dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007).

Brooks is a resident of Pendelton, Oregon. SAC 2. And Amazon is a Delaware corporation operating within the District of Oregon. *Id.* Brooks "is a 100% VA-rated disabled veteran with documented physical impairments related to hearing, dental, and neurological conditions." *Id.* He was hired by Amazon "in October 2023 as a Level 4 Data Center Operations Technician at the Hermiston data center campus." *Id.*

Brooks' "military and technical experience exceeded qualifications for the role and multiple internal promotions, yet his advancement was denied repeatedly with statements such as 'military experience isn't real life' from Manager Shae Sainsbury." *Id.*

Brooks "attempted to obtain proper personal protective equipment [('PPE')] during onboarding in accordance with internal policy." *Id.* But "when he followed the documented process, [Sainsbury] accused him publicly of theft, damaging his reputation among peers." *Id.*

"Shortly after, Area Manager Shawn Basgall took [Brooks] aside and warned him not to escalate the issue to human resources or 'it would turn into something bigger than your employment.'" *Id.* Brooks "documented the incident and began raising concerns to [human resources.]" *Id.* at 3.

PAGE 2 – OPINION AND ORDER

In December 2023, Brooks "sent a formal complaint to Human Resources Partner Jennifer Gregerson, requesting third-party escalation." *Id.* He "also requested reasonable accommodations for his service-connected disabilities, including flexible scheduling to accommodate medical appointments and clarification about PPE policies, which were inconsistently enforced." *Id.* "These requests were denied or ignored." *Id.*

"[Sainsbury] and others began spreading negative rumors about Brooks." *Id.* And he "was reassigned to another facility where Sainsbury maintained control." *Id.* "There, coworkers reported being pressured by management to make complaints against him." *Id.*

On March 13, 2024, Brooks notified his manager of his intent to file complaints with the Oregon Bureau of Labor and Industries ("BOLI") and the federal Equal Employment Opportunity Commission ("EEOC"). *Id.* "Within 24 hours, [Brooks] was placed under investigation for vague and undocumented allegations and suspended indefinitely without formal charges." *Id.*

"From March through May 2024, [Brooks] was denied overtime pay, earned travel reimbursements, and portions of his $15,000 sign-on bonus." *Id.* Human resources "acknowledged payroll errors but refused to correct them." *Id.* And Brooks was issued multiple paychecks for $0.00. *Id.*

Brooks "submitted audio recordings to refute the allegations against him." *Id.* at 4. "Amazon refused to review this exculpatory evidence and instead moved toward termination." *Id.* And he "was terminated on May 21, 2024." *Id.*

"Three days into [Brooks'] suspension, Google rescinded a job offer based on a reference from Amazon stating he was under investigation for integrity violations and would be ineligible

PAGE 3 – OPINION AND ORDER

for rehire." *Id.* Brooks "was still on suspension at the time of this reference." *Id.* "This caused a loss of a job opportunity worth approximately $120,000 annually." *Id.*

"On July 12, 2024, [Brooks] submitted a written request under ORS 652.750 for his personnel records," which Amazon has failed to comply with. *Id.*

## STANDARD

A Fed. R. Civ. P. ("Rule") 12(b)(6) motion tests whether there is a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015). To survive a Rule 12(b)(6) motion, "the complaint must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). A Rule 12(b)(6) motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015); *see also Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

When evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the plaintiff. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 971 (9th Cir. 2018) (citing *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)); *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 969 (9th Cir. 2017) (citing *Iqbal*, 556 U.S. at 678).

A pleading filed *pro se* "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The court must construe the

pleadings liberally and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

## DISCUSSION

## I.    Retaliation under 42 U.S.C. § 2000e-3 and ORS § 659A.199.

Amazon moves to dismiss Brooks' claims for retaliation on the grounds that (1) he has not alleged that he was engaged in protected activity, and (2) there was no causal connection between the protected activity and the adverse employment action. Mot. 6–7. In response, Brooks asserts that he "engaged in protected activity by reporting discrimination and wage violations and by requesting accommodations. Within 24 hours of notifying management of intent to file BOLI/EEOC complaints, he was suspended indefinitely without cause[.]" SAC 4; Pl.'s Resp. in Opp'n ("Resp.") 2, ECF 12. This Court agrees that Brooks has failed to state a claim for retaliation under either federal or state law.

Title VII prohibits retaliation against any individual "because he has opposed any practice made an unlawful employment practice by this subchapter[.]" 42 U.S.C. § 2000e-3(a). And Oregon law prohibits employers from taking adverse actions against employees who have reported information that the employee believes in good faith is evidence of a violation of a state or federal law, rule, or regulation. Or. Rev. Stat. ("ORS") § 659A.199(1).

"To establish a prima facie case of retaliation, [a plaintiff] must show that '(1) [they] engaged in a protected activity; (2) [they] suffered an adverse employment action; and (3) there was a causal connection between the two.'" *Lui v. DeJoy*, 129 F.4th 770, 782 (9th Cir. 2025) (quoting *Surrell v. California Water Serv. Co.*, 518 F.3d 1097, 1108 (9th Cir. 2008)); *see also Xu v. LightSmyth Tech., Inc.*, No. 23-35423, 2024 WL 4562748, at *3 (9th Cir. Oct. 24, 2024) (citing *Meyer v. State ex rel. Oregon Lottery*, 292 Or. App. 647, 678 (2018) ("[C]ourts analyze

PAGE 5 – OPINION AND ORDER

Oregon retaliation claims together with Title VII retaliation.")). "[A] plaintiff making a retaliation claim under § 2000e-3(a) must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013); *see also Tsur v. Intel Corp.*, No. 3:21-cv-00655-SI, 2021 WL 4721057, at *14 (D. Or. Oct. 8, 2021) ("The protected activity must be the but-for cause of the adverse employment action . . . . Oregon law requires a similar showing.").

Brooks fails to allege that he was engaged in protected activity. Brooks' Complaint does not allege the subject matter of his notifications to management or the basis of his anticipated BOLI and EEOC complaints. This Court will not presume that the content of those communications was protected activity, particularly where the Complaint addresses numerous work-related grievances, some of which would not rise to the level of a violation of a law, rule, or regulation.

Moreover, Brooks does not allege that there was a causal connection between his notification of intent to file BOLI and EEOC complaints and his suspension. Even if there was a close temporal proximity between that notice and Brooks' suspension, it is still incumbent on Brooks to allege that he was suspended because of his protected conduct and not because of the "vague and undocumented allegations" he was provided. Accordingly, Brooks' Complaint fails to state a claim for retaliation.

## II.     Discrimination under the Americans with Disabilities Act ("ADA") and ORS § 659A.112.

Amazon moves to dismiss Brooks' claims for discrimination on the grounds that he has not alleged that (1) he is a qualified individual with a disability, (2) he notified Amazon of his disability, or (3) his requested accommodations were reasonable. Mot. 8–10. Brooks' Response simply reiterates his allegations that he was a qualified individual with a disability, that Amazon

PAGE 6 – OPINION AND ORDER

failed to engage in the interactive process, and that it denied him reasonable accommodation. Resp. 3. These conclusory allegations, both in the Complaint and in his Response, are insufficient to state a claim for disability discrimination.

A "disability" is "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12101(1)(A). And an employer is "prohibited from failing to make a reasonable accommodation for the *known* disability of a qualified individual." *Wolff v. Tomahawk Mfg.*, 689 F. Supp. 3d 923, 946 (D. Or. 2023) (emphasis added). To state a claim for a failure to accommodate, Brooks must plausibly allege that (1) he is a qualified individual; (2) his employer received adequate notice of his desire for a reasonable accommodation; and (3) a reasonable accommodation was available that would have enabled him to perform the essential functions of his job. *Id.* (citing *Snapp v. United Transp. Union*, 889 F.3d 1088, 1095, 1099 (9th Cir. 2018)). ORS § 659A.139 requires that the Oregon statute be "construed to the extent possible in a manner that is consistent with any similar provisions of the federal Americans with Disabilities Act of 1990." *See also Kelly v. Boeing Co.*, 400 F. Supp. 3d 1093, 1107 (D. Or. 2019) (applying the same standard when analyzing both Oregon and federal claims).

Although Brooks asserts that he suffers from "hearing, dental, and neurological conditions," SAC 2, he has not alleged that any of those conditions is a physical or mental impairment that substantially limits at least one major life activity. He also fails to allege what reasonable accommodations he requested from Amazon, or what accommodations were available that would have enabled him to perform the essential functions of his job. It is incumbent on Brooks to plead facts—and not merely legal conclusions—that plausibly

PAGE 7 – OPINION AND ORDER

demonstrate each element of his disability discrimination claims. Because he has failed to do so, his Complaint fails to state a claim for disability discrimination.

### III.    Discrimination under the Uniformed Services Employment and Reemployment Rights Act ("USERRA") and ORS § 659A.082.

Amazon moves to dismiss Brooks' claims for military service discrimination because he failed to allege that his status as a former servicemember was a substantial or motivating factor in any adverse employment action. Mot. 10–11. In his response, Brooks points to the alleged statement "military experience isn't real life" and the alleged denials of unspecified promotions as allegations sufficient to state a claim under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). Resp. 2–3. These allegations are insufficient to state a claim for relief.

To state a claim for military service discrimination under USERRA, a plaintiff must plausibly allege that (1) he was subject to an adverse employment action, and (2) his uniformed service status was a substantial or motivating factor of that action. 38 U.S.C. § 4311(c); *see also Dearmon v. Ferguson Enters., Inc.*, No. 1:14-CV-01375-CL, 2015 WL 6550734, at *3 (D. Or. Oct. 28, 2015). Claims under ORS § 659A.082 are construed to the extent possible in a manner that is consistent with similar provisions of USERRA. *Dearmon*, 2015 WL 6550734, at *3 (citing ORS § 659A.082(4)).

Brooks must allege the specific adverse employment action he was subjected to—e.g., the denial of a *specific* promotion or promotions—and that his uniformed service status was a substantial or motivating factor in that denial. But Brooks does not identify which promotions he was denied, nor does he allege that his military service was a factor in the denial. Although the alleged statement by Sainsbury is distasteful, "[i]solated remarks, *unrelated to the disputed employment action*, are insufficient to demonstrate discriminatory animus." *Stover v. Martinez*,

382 F.3d 1064, 1077 (10th Cir. 2004) (emphasis added). Instead, Brooks must allege facts that would plausibly demonstrate that he was denied a specific promotion and that his military service was a substantial or motivating factor in the denial. Because Brooks has failed to do so, Brooks' Complaint fails to state a claim for relief.

**IV.    Wage violations under the Fair Labor Standards Act ("FLSA") and ORS § 652.120.**

Amazon moves to dismiss Brooks' claims for wage violations under the Fair Labor Standards Act ("FLSA") and ORS § 652.120 because Brooks failed to allege facts that would demonstrate he was denied any specific category of pay during a specific time period. Mot. 11–12. In response, Brooks argues that his allegations that "Amazon issued $0.00 paychecks and failed to pay travel and overtime wages even after acknowledging payroll errors" were sufficient to state a claim for relief. Resp. 3. This Court agrees with Amazon.

"The FLSA sets a national minimum wage[] . . . and requires overtime pay of one and a half times an employee's hourly wage for every hour worked over 40 hours in a week . . . ." *Probert v. Fam. Centered Servs. of Alaska, Inc.*, 651 F.3d 1007, 1009–10 (9th Cir. 2011) (citations omitted); *see also* 29 U.S.C. § 206(a)(1) (setting the minimum wage); 29 U.S.C. § 207(a)(1) (setting the number of hours in a typical workweek and the overtime compensation rate). "[G]eneralized allegations asserting violations of the minimum wage and overtime provisions of the FLSA" are insufficient to state a claim for relief." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014).

ORS § 652.120(1) requires that employers pay wages due on an established payday, and ORS § 652.140(1) provides that all earned and unpaid wages must be paid promptly upon termination. To state a claim under these statutes, a plaintiff must allege:

> (i) a specific workweek in which specified minutes were deducted from his hours worked in violation of his right to full payment of wages and full payment of

overtime wages due and owing or (ii) an estimate of the amount of all of the wages each defendant failed to pay in violation of [the statutes].

*Makaneole v. Solarworld Indus. Am., Inc.*, No. 3:14-CV-1528-PK, 2014 WL 8102530, at *10 (D. Or. Dec. 8, 2014), *report and recommendation adopted as modified*, 2015 WL 1021446 (D. Or. Mar. 9, 2015).

Brooks has failed to allege facts that would plausibly demonstrate that he was denied overtime, travel reimbursements, or his sign-on bonus during any particular workweek. He also fails to allege any facts that would plausibly demonstrate the amount of pay he was allegedly denied. Accordingly, his Complaint fails to state a claim under the FLSA or ORS § 652.120.

## V.     Failure to produce personnel records under ORS § 652.750.

Amazon moves to dismiss Brooks' claim under ORS § 652.750, asserting that (1) there is no private right of action under that statute and (2) Brooks has not alleged that Amazon received the request for his personnel file. Mot. 12–13. This Court disagrees.

As an initial matter, this Court declines to conclude—at this stage of the proceedings— that there is no private right of action under ORS § 652.750, at least with respect to court action to order production of a personnel file. *See New v. Rest. Techs., Inc.*, No. 3:24-cv-01106-AR, 2025 WL 2172226, at *7 (D. Or. Mar. 6, 2025) (assuming without deciding that the Plaintiff had a right to seek a court action to compel production of his personnel file), *report and recommendation adopted*, 2025 WL 2104696 (D. Or. July 28, 2025). *But see Neighorn v. Quest Health Care*, 870 F. Supp. 2d 1069, 1108 (D. Or. 2012) (declining to imply a private right of action at summary judgment because such a right was not necessary to effectuate the policy of the statute).

Moreover, Brooks has alleged that he submitted a written request under ORS § 652.750 for his personnel records, which Amazon had failed to comply with as of the date of the filing of

his Complaint. SAC 4. Drawing all reasonable inferences in Brooks' favor, his allegation that he submitted a written request for his file is sufficient to plausibly allege that Amazon received the request. Accordingly, Amazon's motion to dismiss this claim is denied.[1]

## VI.    Wrongful discharge in violation of public policy.

Amazon moves to dismiss Brooks' claim for wrongful discharge on the grounds that (1) Brooks has an adequate remedy for his claims, and (2) the allegations underlying this claim are vague and conclusory. Mot. 14–15. In his Response, Brooks asserts that he "was terminated for reporting discrimination and wage theft—core public-policy interests protected by law." Resp. 3. This Court agrees that Brooks' claim is vague, conclusory, and fails to state a claim for relief.

The tort of wrongful discharge was established in Oregon "to serve as a narrow exception to the at-will employment doctrine in certain limited circumstances where the courts have determined that the reasons for the discharge are so contrary to public policy that a remedy is necessary in order to deter such conduct." *Draper v. Astoria Sch. Dist. No. 1C*, 995 F. Supp. 1122, 1127 (D. Or. 1998) (citations omitted), *abrogated on other grounds by Rabkin v. Oregon Health Scis. Univ.*, 350 F.3d 967 (9th Cir. 2003). "The elements of a wrongful discharge claim are simple: there must be a discharge, and that discharge must be wrongful." *Moustachetti v. Oregon*, 319 Or. 319, 325 (1994). Under Oregon law, two circumstances lead to wrongful discharge: "(1) discharge for exercising a job-related right of important public interest, and (2) discharge for complying with a public duty." *Draper*, 995 F. Supp. at 1127; *see also Schultz v. NW Permanente P.C.*, No. 3:20-cv-00626-IM, 2020 WL 4261273, at *6 (D. Or. July 23, 2020)

---

[1] Amazon represents that "the parties have already stipulated that Amazon will provide [] Brooks's personnel records under the statute by October 30, 2025," *see* ECF 10, 11 (Stipulation and Order), and this claim is likely moot. Reply 6 n.5, ECF 13. Brooks should consider this mootness argument when filing a Third Amended Complaint in this action.

("In assessing if a common law claim for wrongful discharge is available, Oregon District Courts ask if (1) an existing remedy adequately protects the public interest in question, or (2) the legislature has intentionally abrogated the common law remedies by establishing an exclusive remedy.").

Brooks' Complaint does not allege facts that would plausibly demonstrate that he was terminated for exercising a job-related right of important public interest or for complying with a public duty. In his Response, he alleges that he was fired for reporting discrimination and wage theft. Resp. 3. But he does not make that allegation in his Complaint. Therefore, Brooks has not alleged that he was discharged for exercising a job-related right of important public interest or for complying with a public duty. See *Draper*, 995 F. Supp. at 1127. And even if Oregon law permits pleading alternative remedies, *see* Resp. 3 (citing *Kemp v. MasterBrand Cabinets, Inc.*, 257 Or. App. 530 (2013)), Brooks has not alleged that his statutory remedies are inadequate to vindicate his rights.[2] Accordingly, Brooks' Complaint fails to state a claim for relief for wrongful discharge.

## VII.    Tortious interference with prospective economic relations.

Amazon moves to dismiss Brooks' claim for tortious interference on the grounds that Brooks has failed to allege that (1) it intended to interfere with his application, (2) Amazon's statement was false, or (3) it was made with malice. Mot. 15–16. In response, Brooks asserts that

---

[2] This Court declines to consider Amazon's argument, Mot. 14–15, concerning Brooks having an adequate remedy under existing Oregon statutes. To be sure, "Oregon courts generally will not 'recognize an additional common law remedy for wrongful discharge . . . if existing remedies adequately protect the employment related right.'" *Whitley v. City of Portland*, 654 F. Supp. 2d 1194, 1224 (D. Or. 2009) (internal citation omitted); *see also Kemp*, 257 Or. App. at 537 (explaining that a wrongful discharge common law claim is merely an "interstitial" tort, which fill the gaps where there is no other available remedy). But because this Court finds that Brooks' claim for wrongful discharge fails to state a claim, it will not analyze the sufficiency of Brooks' statutory remedies compared to those available under this common law claim.

Amazon gave a negative reference to Google, "falsely stating that [Brooks] was 'under investigation for integrity violations' while he was on administrative suspension, caus[ing] Google to rescind a pending job offer." Resp. 4. This Court agrees with Amazon that Brooks has not alleged that Amazon made a false statement and therefore concludes that Brooks has failed to state a claim for tortious interference.

Under Oregon law, a Plaintiff alleging intentional interference with economic relations must plead and prove:

> (1) the existence of a professional or business relationship (which could include, e.g., a contract or a prospective economic advantage); (2) intentional interference with that relationship or advantage; (3) by a third party; (4) accomplished through improper means or for an improper purpose; (5) a causal effect between the interference and the harm to the relationship or prospective advantage; and (6) damages.

*Providence Health & Servs.-Oregon v. Mancuso*, 323 Or. App. 573, 590 (2023) (quoting *Allen v. Hall*, 328 Or. 276, 281 (1999)). "'Improper means' must be some independently wrongful act such as 'violence, threats, intimidation, deceit, misrepresentation, bribery, unfounded litigation, defamation[, or] disparaging falsehood.'" *Aitkin v. USI Ins. Servs., LLC*, 607 F. Supp. 3d 1126, 1149 (D. Or. 2022) (quoting *Conklin v. Karban Rock, Inc.*, 94 Or. App. 593, 601 (1989)).

ORS § 30.178 provides a qualified privilege for employers when disclosing information about a former employer's job performance to a prospective new employer. Under that statute, an employer is "presumed to be acting in good faith and, unless lack of good faith is shown by a preponderance of the evidence, is immune from civil liability for such disclosure or its consequences." ORS § 30.178(1). To rebut that qualified privilege:

> a plaintiff must plead facts that show that a former employer (1) disclosed information about the plaintiff's job performance to a prospective employer; (2) the information disclosed by the [former] employer was knowingly false or deliberately misleading; and (3) the former employer disclosed the information with malicious purpose or in violation of any civil right of the plaintiff protected under ORS chapter 659 or 659A.

PAGE 13 – OPINION AND ORDER

*New*, 2025 WL 2172226, at *8.

Brooks' Complaint does not allege that Amazon gave any false information to Google. Instead, Brooks alleges that Amazon "provided a negative employment reference to Google stating that [Brooks] was under investigation for integrity violations and would be ineligible for rehire." SAC 6. Moreover, Brooks does not allege that any information provided by Amazon was knowingly false or deliberately misleading, which he must plead and prove to rebut the qualified privilege under ORS § 30.178(1). Accordingly, Brooks' Complaint does not state a claim for tortious interference with prospective economic relations.

## VII. Leave to amend.

Amazon asserts that this Court should dismiss Brooks' Complaint with prejudice and without leave to amend. Mot. 16–17. In support, Amazon notes that it provided Brooks with "a detailed outline of the deficiencies" in his initial Complaint, but Brooks filed a Second Amended Complaint that was "even more conclusory than the first." *Id*. at 17. Amazon therefore asserts that leave to amend would be futile, and requests that Brooks' Complaint be dismissed with prejudice. This Court disagrees.

If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Where amendment would be futile, it is appropriate to dismiss the claim with prejudice. *See Universal Mortg. Co. v. Prudential Ins. Co.*, 799 F.2d 458, 459 (9th Cir. 1986) ("Although leave to amend 'shall be freely given when justice so requires,' it may be denied if the proposed amendment either lacks merit or would not serve any purpose because to grant it would be futile

in saving the plaintiff's suit."). A proposed amendment is futile if the plaintiff could not allege a set of facts that would constitute a claim or defense. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). But a *pro se* litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the deficiencies cannot be cured by amendment. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623–24 (9th Cir. 1988); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

Although this Court agrees that Brooks' Complaint is conclusory, it is not clear that amendment would be futile. To the contrary, it appears that several of Brooks' claims are simply lacking in factual detail, and that Brooks may be able to cure some or all of the deficiencies in his Complaint by adding factual detail. And although Amazon's conferral with Brooks prior to his Second Amended Complaint was detailed, it was not a substitute for Brooks receiving notice of the deficiencies in his Complaint from this Court. Accordingly, Brooks will be provided an opportunity to amend his Complaint.

## ORDER TO AMEND

For the reasons set forth above, Amazon's Motion to Dismiss, Mot., ECF 9, is GRANTED in part and DENIED in part. This Court concludes that Claims I-IV, VI, and VII fail to state a claim upon which relief can be granted. This Court denies Amazon's motion as to Claim V. Brooks is ORDERED to file a Third Amended Complaint within thirty days of this Order. If Brooks files a Third Amended Complaint, he must describe his claims with further factual support, as detailed in this Opinion.

Brooks is advised that if he fails to file a Third Amended Complaint within thirty days of this Order, or fails to describe his claims with further factual support, then this Court will issue a Findings and Recommendation that Claims I-IV, VI, and VII should be dismissed with prejudice.

DATED this 18th day of March, 2026.

ANDREW HALLMAN
United States Magistrate Judge

PAGE 16 – OPINION AND ORDER