IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

WESLEY BROOKS

        Plaintiff,

    v.

AMAZON DATA SERVICES, INC.,

        Defendant.

Case No. 2:25-cv-01294-HL

**FINDINGS AND
RECOMMENDATION**

HALLMAN, United States Magistrate Judge:

Pro se Plaintiff Wesley Brooks ("Plaintiff") filed this action alleging that Defendant Amazon Data Services, Inc. ("Defendant") violated his rights under state and federal law during his employment with—and termination from—Amazon. Third Am. Compl. ("TAC"), ECF 19. Now before the Court is (1) Amazon's Motion to Dismiss, Mot. to Dismiss Pl.'s Third Am. Compl. ("Mot."), ECF 20, and (2) this Court's Order to Show Cause, ECF 23, related to Plaintiff's failure to respond to that Motion or otherwise prosecute his case. For the reasons that follow, Plaintiff's Complaint should be DISMISSED without prejudice for failure to prosecute, and Defendant's Motion to Dismiss should be DENIED as moot.

PAGE 1 – FINDINGS AND RECOMMENDATION

**BACKGROUND**

Plaintiff first filed his Complaint in May 2025 in Umatilla County Circuit Court. Notice of Removal Ex. 3, ECF 1-4. He filed an amended Complaint in June 2025, Notice of Removal Ex. 1, ECF 1-2, and Defendant subsequently removed the case to this Court, Notice of Removal, ECF 1. Per the Parties agreement, Joint Mot. to Stay Deadline, ECF 6, Plaintiff filed a Second Amended Complaint in August 2025, Second Am. Compl., ECF 8. Defendant filed a Motion to Dismiss, Mot. to Dismiss Second Am. Compl., ECF 9, which this Court granted in part and denied in part, Op. & Order, ECF 17. The Court ordered Plaintiff to file a Third Amended Complaint within 30 days addressing the factual deficiencies identified by the Court's Opinion and Order. *Id.* at 15–16.

Plaintiff filed a Third Amended Complaint on April 23, 2026, which fell outside of the 30-day deadline imposed by the Court. *See* Third Am. Compl., ECF 19. Defendant subsequently moved to dismiss the Complaint on May 7, 2026. *See* Mot. Plaintiff's Response was due on May 21. Order, ECF 22. After that date passed, this Court entered an Order notifying Plaintiff that he had failed to submit a timely response, that a response should address whether his failure to respond was due to excusable neglect, and that failure to respond to Defendant's Motion would result in dismissal of his Complaint. *Id.* This Court extended the deadline for Plaintiff's response to June 18, 2026. *Id.*

After Plaintiff failed to submit a response, this Court entered an Order to Show Cause. Order to Show Cause, ECF 23. The Court notified Plaintiff that failing to respond to Defendant's Motion would be considered a concession of its merits. *Id.* (citing *Yentz v. Nat'l Credit Adjusters, LLC*, No. 3:20-cv-01364-AC, 2021 WL 1277961, at *4–5 (D. Or. Feb 15, 2021), *report and recommendation adopted*, 2021 WL 1270457 (D. Or. Apr. 6, 2021)). The Court

PAGE 2 – FINDINGS AND RECOMMENDATION

ordered Plaintiff to respond by July 22, 2026. *Id.* And it further notified Plaintiff that failure to respond would result in this Court issuing a Findings and Recommendation that the Complaint be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and LR 41-2(a). *Id.*

Plaintiff failed to respond to the Order to Show Cause or otherwise respond to Defendant's Motion to Dismiss.

## DISCUSSION

"District courts have inherent power to control their dockets." *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). "In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." *Id.*; *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), *as amended* (May 22, 1992). And pursuant to Fed. R. Civ. P. 41(b), this Court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." *Ferdik*, 963 F.2d at 1260.

When evaluating whether to dismiss a case for failure to prosecute, a court must consider (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also Ferdik*, 963 F.2d at 1260–61.

This Court finds that consideration of the relevant factors favors dismissal. The public's interest in expeditious resolution of litigation and the Court's need to manage its docket favor dismissal because Plaintiff has repeatedly failed to participate in this case as ordered and despite the opportunities provided by the Court. *See, e.g.*, Order, ECF 22 (notifying Plaintiff that he had missed the response deadline and the consequences of failing to file a response); *see also* Order to Show Cause (requiring Plaintiff to respond and outlining the consequences of failure to do so).

PAGE 3 – FINDINGS AND RECOMMENDATION

And "[i]t is incumbent upon the Court to manage its docket." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). The risk of prejudice to Defendant also favors dismissal because Plaintiff's failure to participate has drawn out the case and prevented it from litigating its defense.

The Court acknowledges that public policy favors resolution of cases on their merits. But Plaintiff's failure to prosecute has impeded any meaningful progress to reach the merits. *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1234 (9th Cir. 2006) (explaining that, when a plaintiff prevents a case "from moving forward, the public policy favoring resolution on the merits cannot weigh much, if at all, in their favor"). Moreover, Courts within the District of Oregon have recognized that a failure to respond to a motion amounts to a concession of its merits. *See, e.g.*, *Yentz*, 2021 WL 1277961, at *4–5 (collecting caselaw from the District of Oregon and other district courts so holding) Thus, this factor does not weigh in Plaintiff's favor.

With respect to the availability of less drastic alternatives, as explained above, the Court has provided Plaintiff with substantial additional time to file a response or take other actions to move the case forward. And this Court warned Plaintiff that failing to respond to its Order to Show Cause would result in dismissal. Accordingly, this factor also weighs in favor of dismissal. *See Ferdik*, 963 F.2d at 1261 (finding that the requirement for a court to consider less drastic alternatives may be satisfied by warning a litigant that failing to obey a court order would result in dismissal).

Because this Court recommends that Plaintiff's Third Amended Complaint be dismissed for failure to prosecute, it declines to otherwise address the arguments raised in Defendant's Motion to Dismiss. *See Lee v. Haynes*, No. 3:25-cv-00637-SB, 2026 WL 1169732, at *2 (D. Or.

PAGE 4 – FINDINGS AND RECOMMENDATION

Mar. 20, 2026) (dismissing a case for lack of prosecution and denying the defendant's motion to dismiss as moot), *report and recommendation adopted*, 2026 WL 1169290 (Apr. 29, 2026). Accordingly, this Court recommends that Defendant's Motion to Dismiss be denied as moot.

## RECOMMENDATION

The Court recommends that this action be DISMISSED without prejudice for failure to prosecute. Defendant's Motion to Dismiss, ECF 20, should be DENIED as moot.

## SCHEDULING ORDER

The Findings and Recommendations will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date. A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to de novo consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge.

These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgement.

DATED this 4th day of August, 2026.

_____
ANDREW HALLMAN
United States Magistrate Judge

PAGE 5 – FINDINGS AND RECOMMENDATION