**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **WESLEY BROOKS**,<br>Plaintiff,<br>v.<br>**AMAZON DATA SERVICES, INC.**,<br>Defendant. | Case No. 2:25-cv-1294-HL<br>**ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Andrew Hallman issued Findings and Recommendation in this case on August 4, 2026. Judge Hallman recommended that this Court dismiss this action without prejudice for failure to prosecute.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474

U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Defendant timely filed an objection. Plaintiff did not respond to Defendant's objection. Defendant agrees with the substantive analysis of the Findings and Recommendation and its recommendation to dismiss this case, but objects that the dismissal should be with prejudice instead of without prejudice.

For Judge Hallman's substantive analysis, to which no party objected, the Court follows the recommendation of the Advisory Committee and reviews Judge Hallman's Findings and Recommendation for clear error on the face of the record. No such error is apparent. The Court adopts that portion of the Findings and Recommendation.

For the recommendation to dismiss this case without prejudice, the Court reviews the issue de novo. As described in the Findings and Recommendation, Plaintiff filed an original and two amended complaints and then Judge Hallman issued an Opinion and Order that granted in part Defendant's motion to dismiss Plaintiff's second amended complaint. Judge Hallman dismissed all claims but Plaintiff's fifth claim for relief, alleging a violation of Oregon Revised Statutes § 652.750(2) relating to the timely production of Plaintiff's employee personnel record.

Thus, Plaintiff had one viable claim for relief after Defendant's motion to dismiss was adjudicated.

In allowing Plaintiff's fifth cause of action to proceed, Judge Hallman stated in a footnote that the claim likely was moot because the parties stipulated that Defendant would provide Plaintiff's personnel record by October 30, 2025. ECF 17 at 11 n.1. The statute cited by Plaintiff in this claim, however, requires that an employer provide a certified copy of the employee record *within 45 days of the request*. Or. Rev. Stat. § 652.750(2). Plaintiff alleges that he made the request on July 12, 2024. Thus, even if Defendant produced the requested personnel file on October 30, 2025, that would not appear to moot Plaintiff's claim because the production was more than 45 days from Plaintiff's request.[1]

Judge Hallman allowed Plaintiff to amend his complaint to cure the deficiencies identified in the Opinion and Order for the causes of action that were dismissed. After filing various motions, Plaintiff eventually filed a third amended complaint. In Plaintiff's third amended complaint, he continued to allege his fifth cause of action, which Judge Hallman had already determined stated a claim. Defendant again filed a motion to dismiss. For Plaintiff's fifth

---

[1] Defendant represented in its briefing before Judge Hallman on the motion to dismiss the second amended complaint that the parties had stipulated that Defendant "will provide Mr. Brooks's personnel records under the statute by October 30, 2025" and thus the claim likely was moot. ECF 13 at 6 n.5. The statute does provide that if the employee personnel records "are not readily available," the parties can agree to an extension of the 45-day time limit. Or. Rev. Stat. § 652.750(4). The statement by Defendant, without more, is insufficient at this stage of the proceedings to trigger this provision. Defendant does not contend that Plaintiff's employee record was not readily available, and the statement appears more about a general agreement about when Defendant *will* produce it than an agreement the Defendant has a more than one year extension *to* provide it.

cause of action, Defendant relied on an argument that the claim was moot, relying on Judge Hallman's footnote.[2]

Defendant requests that this case be dismissed with prejudice. Because Plaintiff's second amended complaint was determined to state one cause of action, however, the Court declines to dismiss this case with prejudice. The cases cited by Defendant are distinguishable.[3]

The Court ADOPTS the Findings and Recommendation, ECF 24. The Court DISMISSES this case without prejudice for failure to prosecute and DENIES AS MOOT Defendant's motion to dismiss, ECF 20.

**IT IS SO ORDERED.**

DATED this 15th day of September, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

[2] Defendant also raised the same argument it had raised in its first motion to dismiss, that the statute provides no private right of action. Judge Hallman, however, declined to address that issue at this stage of the proceedings. Another opinion in this district declined to address that question as well, but noted that it appeared likely that there is a private right of action. *See New v. Rest. Techs., Inc.*, 2025 WL 2172226, at *7 n.7 (D. Or. Mar. 6, 2025), *report and recommendation adopted*, 2025 WL 2104696 (D. Or. July 28, 2025), *motion to certify appeal denied*, 2025 WL 4789604 (D. Or. Dec. 18, 2025).

[3] *McNair v. Rossi*, 2019 WL 722605, at *1 (D. Or. Feb. 5, 2019), *report and recommendation adopted*, 2019 WL 720975 (D. Or. Feb. 20, 2019), had first dismissed plaintiff's complaint *in its entirety* before the prosecution faltered. *Doolittle v. City Center Parking*, 2010 WL 3853172, at *2 (D. Or. July 22, 2010), *report and recommendation adopted*, 2010 WL 3843774 (D. Or. Sept. 28, 2010), involved more egregious facts of lack of participation in the litigation for a lengthy period of time. *Steger v. Peters*, 2018 WL 3430671, at *2 (D. Or. July 16, 2018), both granted a motion for summary judgment (which necessarily involves a dismissal with prejudice) and granted a motion to dismiss for lack of prosecution that was filed after the Court issued an Order to Show Cause why the case should not be dismissed for lack of prosecution when the plaintiff failed to respond to the summary judgment motion.